**HAVILAND v. EDWARDS, Collector of Internal Revenue.**

(District Court, S. D. New York. September 7, 1926.)

1. **Internal revenue** ⊜⇒7(19)—Diminished value of German marks loaned held not deductible as a loss from gross income when the loan had not been repaid or settled (Revenue Act 1918, § 214 [Comp. St. § 6336⅛g]).

Where a business partnership, not as a part of its business, but as a partnership matter, made a loan of German marks, to be repaid in marks, carrying the cost of the marks on its books as assets, the fact that the Revenue Department in a previous year deducted the difference between such cost and the then current value of the marks from its invested capital in computing its income taxes, did not authorize the partnership to deduct from its gross income the difference between the cost of the marks and their value in American money as a loss of the current year in making return, under Revenue Act 1918, § 214 (Comp. St. § 6336⅛g); the loan not having been repaid nor the transaction closed.

2. **Internal revenue** ⊜⇒7(19)—Depreciation in value of loan not repaid or settled during year, is not deductible as "loss" from gross income (Revenue Act 1918, § 214 [Comp. St. § 6336⅛g]).

Diminished value of securities not sold during the year, or of a loan not repaid or settled during the year, is not deductible from gross income as a "loss" under Revenue Act 1918, § 214 (Comp. St. § 6336⅛g).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Loss.]

3. **Internal revenue** ⊜⇒7(19)—Partner may not deduct undistributed losses of firm from his individual income.

While a partner's income is affected by losses of the firm, he must show an individual loss before he is entitled to make deduction therefor from his individual income.

At Law. Action by George Haviland against William H. Edwards, Collector of Internal Revenue. On motion to dismiss complaint. Granted.

Coudert Bros., of New York City, for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Sherwood E. Hall, Asst. U. S. Atty., of New York City, and A. W. Gregg, General Counsel, Bureau of Internal Revenue, and Frederick W. Dewart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

HAZEL, District Judge. In this action plaintiff seeks recovery from the collector of internal revenue of $23,622.21, illegally collected as income tax for the year 1919, and the additional amount of $1,307.40 for the year 1920. There are six actions of like nature, three brought by plaintiff individually against successive collectors for income taxes paid in 1918 and other periods, and three by plaintiff as ancillary administrator of Charles S. Haviland, who, in his lifetime, was a copartner of plaintiff, the partnership doing business in New York City under the name of Haviland & Co., as dealers in importation of chinaware from Limoges, France. Defendants moved to dismiss the complaint in each case on the ground that no cause of action is alleged. It is alleged in the complaint that before January 1, 1918, the partnership loaned to Johann Haviland, a resident of Germany, 1,110,000 German marks of the current value, in this country in 1916, of $263,524.79, and in 1919 an additional loan to the same person of 400,000 German marks of the current value of $16,600.26, which were to be repaid in marks, and which were entered in the books of the company as current assets to the amount of $280,125.05, constituting the cost price of the marks, and which amount was inventoried and returned by the lender as profits in its income tax return for the year 1920. The difference between the cost in dollars and the actual value of the mark in United States currency was $30,653, making a difference between cost and actual value of $249,472.05. It appears that, after filing the tax return, the books of the partnership were audited by the commissioner of internal revenue to establish an amount for income tax and excess profits payable for the year 1917, and, as a result of the audit, the value of the current assets was depreciated by the commissioner, and the marks given a value at the current rate of exchange prevailing at the time. Upon this basis the partnership paid its income tax for the year 1917, but in August, 1922, filed an amended tax return indicating that the profits for 1919, based upon the actual value of the marks, was $95,362.14 instead of $228,792.03. The plaintiff filed his individual income tax return for 1919, based upon the proportionate profits of the partnership at the amount of $228,792.03, which included the cost of the marks instead of their current value or the alleged actual profits, but in October, 1922, he filed an amended tax return, basing his proportionate share of the profits on the actual value of the marks, which resulted in a reduction of the profits of the firm for 1919 from $228,792.03 to $95,362.14. According to the amended return, plaintiff alleges that the proper tax should have been $6,161.60 instead of $29,783.81, the amount previously paid by him. In November he filed a claim for refund of the excessive sum paid by him, but his claim

was rejected. The second cause of action is based upon a similar allegation for excessive income taxes paid for the year 1920, and rejection of his claim for refund.

[1] The question presented for decision is concededly one of law, and turns upon whether plaintiff, as an individual, has the right to deduct from his gross income the depreciated value of the German marks loaned to Johann Haviland, a loan which has not as yet been repaid. The income tax was computed pursuant to ·section 214 of the Internal Revenue Act of 1918 (Comp. St. § 6336⅛g), which in terms is limited to a computation of a net income as to deductions from losses sustained during the taxable year, and not compensated for by insurance or otherwise, if incurred in trade or business; and also to a reasonable amount for wear and tear of the property used in the trade or business, including a reasonable allowance for obsolescence. It is not alleged that the marks have been repaid at any depreciated value, or that they have become of no value, or have been disposed of at a loss to the partnership or to the plaintiff, or that his proportionate individual profits have been decreased and a loss sustained. The mere fact that the field auditor, who examined the books of the partnership in 1917 for the commissioner of internal revenue to ascertain whether the copartnership was assessable for excess profits tax, required or suggested reduction of·the current value of the marks to their equivalent value in this country, and, in doing so, diminished the invested capital, increasing the income tax, does not, in my opinion, furnish a proper basis for plaintiff's taxation or deduction from gross income. His income tax is not owing to any trade or business carried on by him, though an incident of the copartnership. As already pointed out, he suffered no loss or cancellation; indeed, no closing of the transaction is alleged.

[2, 3] I think the recent decision by the Supreme Court of the United States in New York Life Ins. Co. v. Edwards, 46 S. Ct. 436, 70 L. Ed. 859, in principle is analogous to the case at bar; and the Circuit Court of Appeals for this circuit in that case ruled that under the Act of 1913 (38 Stat. 114), an act similar to the provision herein considered, the depreciation of securities which had not been sold during the year, comes neither under the clause relating to "depreciation of use, wear and tear" nor "loss actually sustained." Id., 8 F.(2d) 851, 858. The facts in that case, true enough, were different from the facts here. Nevertheless, it is clear that the ground for income deduction must be losses actually sustained within the taxable year. Any shrinkage of the value of the German mark is obviously akin to depreciation in value of stocks and bonds, and, without an actual loss, a taxpayer is not entitled to a deduction from the gross income under the Act of 1918. Such has also been the holding of the Board of Tax Appeals (docket 2782, April 23, 1926, B. T. A.), and I think the position taken by counsel for the government in this relation is correct; and the argument has force that the loan of the marks by the copartnership was substantially the same as though it had been made by plaintiff individually. He has the right to receive back the money loaned as agreed. His individual income may, to an extent, be based upon the proportionate share of the net income of the partnership, but he must show, notwithstanding, an individual loss before his claim for a deduction can be realized. The Income Tax Law; it is true, required plaintiff, as a partner of the firm, to file a return for each taxable year and supply the information upon which the tax is assessed (sections 218, 221, 222, 224 of the Revenue Act of 1918 [Comp. St. §§ 6336⅛i, 6336⅛jj, 6336⅛k, 6336⅛l]), but his guide for making his return does not require reliance upon the book entries of the copartnership ·or balancing of its books, or upon any entry indicating a depreciated value of the marks. The income tax in question was not erroneously collected, and, accordingly, the motion of the defendant to dismiss the complaint in each of·the cases submitted is granted.